UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBIN L. HART,

    Plaintiff,

v.                                          Case No: 8:17-cv-2992-T-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

**OPINION AND ORDER**

Plaintiff, Robin L. Hart, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff protectively filed an application for a period of disability and DIB and an application for SSI on March 20, 2014, alleging a disability onset date of March 20, 2013. (Tr. 135-35, 206-10). Plaintiff's claims were denied initially on July 18, 2014, and upon reconsideration on October 24, 2014. (Tr. 136-41, 144-46, 148-54). At Plaintiff's request, a hearing was held before Administrative Law Judge ("ALJ") Amber Downs on September 15, 2016. (Tr. 40-87). On February 3, 2017, the ALJ entered a decision finding that Plaintiff was not disabled. (Tr. 7-29). Plaintiff requested review of this decision and the Appeals Council denied Plaintiff's request on October 27, 2017. (Tr. 1-5). Plaintiff initiated the instant action by Complaint (Doc. 1) on December 13, 2017.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 20, 2013, the alleged onset date. (Tr. 12). At step two, the ALJ found that Plaintiff had the following severe impairments: lumbar and cervical degenerative disc disease, right knee osteoarthritis, and obesity. (Tr. 12). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals

the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can occasionally lift or carry 20 pounds; frequently lift or carry 10 pounds; sit for a period of 6 hours, stand for a period of 6 hours, and walk for a period of 6 hours; can push/pull as much as they can lift or carry; occasionally operate foot controls with the right; can occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; frequent exposure to unprotected heights, moving mechanical parts, and vibrations. The claimant also requires a sit/stand alternative, or the ability to alternate positions after a period of 30 minutes, and requires the use of a cane for purposes of ambulation.

(Tr. 17). At step four, the ALJ found that Plaintiff was unable to perform her past relevant work as a rural mail carrier and custom service sorter. (Tr. 22).

At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 23). Relying on the testimony of the vocational expert, the ALJ found that Plaintiff could perform the jobs final inspector, small products assembler, and pol-packer/heat-sealer. (Tr. 23). The ALJ concluded that Plaintiff was not under a disability from March 20, 2013, the alleged onset date, through February 3, 2017, the date of the decision. (Tr. 24).

**II.     Analysis**

Plaintiff raises four issues on appeal: (1) whether the ALJ erred by failing to properly evaluate and weigh the opinions of Vera P. Stefanac, M.D.; (2) whether substantial evidence supports the ALJ's finding that Plaintiff could perform a reduced range of light work; (3) whether

the ALJ erred by not adopting the testimony of a VE; and (4) whether the ALJ erred by failing to properly evaluate Plaintiff's testimony. The Court begins with Plaintiff's first raised issue.

Plaintiff argues that the ALJ erred by failing to weigh or discuss the physical findings of treating physician Vera P. Stefanac, M.D. (Doc. 21 p. 12-14). Further, Plaintiff contends that the ALJ erred by failing to consider or weigh Dr. Stefanac's opinion that Plaintiff was disabled and unable to work. (Doc. 21 p. 12-14). Plaintiff argues that the ALJ failed to provide good cause for not adopting Dr. Stefanac's opinions. (Doc. 21 p. 16-17).

In response, Defendant argues that Dr. Stefananc's statement that Plaintiff is "not able to work" is not a medical opinion that the ALJ was required to give special significance. (Doc. 21 p. 15, 17). Defendant contends that the ALJ adequately considered the entire record and specifically cited to Dr. Stefanac's notes. (Doc. 21 p. 16).

"The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (citation omitted). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security,* 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

The record shows that during the period of June 2, 2014, through August 18, 2015, Dr. Stefanac treated the Plaintiff for complaints of pain in the neck, right knee and low back radiating into both legs. Dr. Stefanac noted that Plaintiff complained of pain in the low back that radiated into the legs, knee pain that radiated up the leg. (Tr. 576, 578, 580, 582, 584, 586, 588, 590, 592, 594, 596, 598, 600). Dr. Stefanac diagnosed Plaintiff with bulging discs, disc herniation, and spondylosis in the lumber spine at L1-L2. (Tr. 576, 578, 580, 582, 584, 586, 588, 590, 592, 594, 596, 598, 600). On various physical examinations, Dr. Stefanac noted burning sensation in the neck area, inability to bend and inability to place either leg over due to pain. Dr. Stefanac found that weather changes and prolonged sitting and standing were pronounced aggravating factors. (Tr 575, 577, 579, 581, 583, 585, 587, 589, 591, 593, 595, 597, 599).

Despite being a treating physician, Dr. Stefanac's examination findings were not discussed at any length in the ALJ's decision. The ALJ cited to Dr. Stefanac's treatment notes only twice, both times in the context of Dr. Stefanac's mental capacity findings. The ALJ, however, failed to mention any of Dr. Stefanac's physical examination findings. The ALJ's failure to do so constitutes reversible error. Dr. Stefanac's examination findings contain statements concerning Plaintiff's physical restrictions and, thus, should have been considered and weighed as opinions pursuant to *Winschel*. Further, as a treating physician, Dr. Stefanac's opinions were entitled to substantial or considerable weight unless good cause was shown to the contrary. *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004).

Citing to *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005), Defendant contends that the ALJ was not required to discuss Dr. Stefanac's examination findings because there "is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision" enables the court to conclude the ALJ considered the plaintiff's medical

condition as a whole. The Court rejects Defendant's argument. In *Dyer*, the Eleventh Circuit found that an ALJ's failure to mention that the plaintiff had taken Lortab for pain on a single occasion was inconsequential to the ALJ's decision, as it was only prescribed one time for an injury unrelated to the claimant's complaints of neck pain for which he was claiming disability. *Id.* at 1211. Here, unlike in *Dyer*, the evidence the ALJ failed to discuss were the physical examination findings of a treating physician. Accordingly, the Court finds that the Eleventh Circuit's ruling in *Dyer* does not excuse the ALJ's failure to specifically address the objective medical evidence in this case.

Further, the Court rejects Defendants argument that the ALJ did not err because Dr. Stefanac's examination notes are sparse, vague, and non-specific. Defendant's argument, however, constitutes a post hoc rationalization upon which the Court will not rely. *See, e.g., Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (finding that a court will not affirm based on a post hoc rationale that might have supported the ALJ's conclusion).

The Court notes that the determination to remand is not based on the ALJ's failure to weigh Dr. Stefanac's statements that Plaintiff is not able to work. Throughout the course of treatment, Dr. Stefanac opined that the Plaintiff was disabled and not able to work. (Tr 575, 577, 579, 581, 583, 585, 587, 589, 591, 593, 595, 597, 599). Such opinions, however, are not entitled to great weight as they are not medical opinions, but opinions on the ultimate issue of disability reserved to the Commissioner. *See Patterson v. Chater*, 983 F. Supp. 1410, 1414 (M.D. Fla 1997) (stating that opinions that a claimant is disabled or unable to work are issues reserved for the Commissioner); *Zingale v. Astrue*, 2012 WL 1130562, at *7 (M.D. Fla. Mar. 12, 2012), *report and recommendation adopted,* 2012 WL 1131995 (M.D. Fla. Apr. 4, 2012)(explaining that "[u]nder 20 C.F.R. §§ 404.1527(e) and 416.927(e), "some issues are not medical issues regarding the nature

and severity of an individual's impairment(s) but are administrative findings that are dispositive of a case ... that would direct the determination or decision of disability"). The Court remands on the basis that Dr. Stefanac's other statements concerning Plaintiff's functional limitations should have been directly considered and weighed in accordance with *Winschel*.

On remand, the Court will require the ALJ to directly address, consider, and weigh the findings and opinions of Dr. Stefanac and to conduct any further proceedings as necessary. As the ALJ's failure to properly consider the evidence from Dr. Stefanac could alter his RFC finding and his subsequent findings, the Court defers from addressing the remaining issues raised by Plaintiff at this time.

### III.  Conclusion

The decision of the Commissioner is **REVERSED AND REMANDED** pursuant to sentence four of Section 405(g). The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on July 1, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties